Phyllis Stewart, Chief of Staff Arkansas Department of Education
4 Capitol Mall Little Rock, Arkansas 72201
Dear Ms. Stewart:
I am writing in response to nine requests, apparently made pursuant to A.C.A. § 25-19-105(c)(3)(B), for my opinion on whether the release of certain records held by the Arkansas Department of Education would be consistent with the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. §§ 25-19-101 to-110 (Repl. 2002 and Supp. 2011).
Someone has made an FOIA request to the Department for the name, position, district, department, and annual salary of every public school employee in Arkansas. The Department has determined that the FOIA requires this information be released. Nine public school employees object to this decision as it relates to them.
RESPONSE
The FOIA only authorizes me to review the custodian's decision when that decision is related to a request for personnel records oremployee-evaluation records. None of the letters or attachments that I have received indicates whether the custodian has determined that the data requested counts as either personnel records or employee-evaluation records. Clearly, this kind of information, when requested from the hands of the school district itself, is a personnel record. But there is a fact question whether this kind of information, when requested from the hands of the Department of Education, counts as a personnel record. If the answer to that fact question is "no," then (1) I have no authority to respond to any of these nine requests to review the custodian's decision; and (2) these records would *Page 2 
probably be released as (3) mere public records that are not eligible for any exemption. But if the records, when held by the Department, are properly considered personnel records, then (1) I have the authority to review the custodian's decision, and (2) these records would clearly be released under the FOIA as (3) personnel records that do not meet the test for non-disclosure.
DISCUSSION I. General standards governing disclosure
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
The first two elements are met in this case. As for the first element, the Arkansas Department of Education, as a public entity, is subject to the FOIA. As for the second element, the FOIA defines "public record" as:
 writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions. . . .[1]
All the data that have been requested are clearly public records. The data — whether they are in electronic or paper form — are kept and reflect the performance of the official functions of both the employees and the Department. Therefore, in my opinion, these documents are public records and must be disclosed unless some specific exception provides otherwise. *Page 3 
 II. Exceptions to disclosure
In what follows, I will explain the rules pertaining to the "personnel records exception" and then apply those rules to the kinds of data that have been requested.
A. Explanation of personnel-records exception
Under certain conditions, the FOIA exempts two kinds of public records normally found in employees' personnel files.[2] For purposes of the FOIA, these items can usually be divided into two mutually exclusive groups: "personnel records"[3] or "employee evaluation or job performance records."[4]
When custodians assess whether either of these exceptions applies to a particular record, they must make two determinations. First, they must determine whether the record meets the definition of either exception. Second, assuming the record does meet one of the definitions, the custodian must apply that exception's test for disclosure to determine whether the FOIA requires that record be disclosed.
The first of the two most relevant potential exceptions is the one for "personnel records," which the FOIA does not define. But this office has consistently opined that "personnel records" are all records other than employee evaluation and job *Page 4 
performance records that pertain to individual employees.[5] Whether a particular record meets this definition is, of course, a question of fact that can only be definitively determined by reviewing the record itself. If a document meets this definition, then it is open to public inspection and copying except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."[6]
This office has repeatedly opined (1) that a public employees' name, salary, job title, and department all meet the definition of a personnel record and (2) that the personnel-records exception does not shield this data from disclosure because the release of this data does not constitute a clearly unwarranted invasion of personal privacy. This kind of data most clearly meets the definition of a personnel record when it is held by (a) the employer or (b) the employer's agent. When this kind of information is held by an entity that is neither (a) nor (b), there is a fact question whether the document retains its character as a personnel record. Nevertheless, as explained below, there is no need to resolve this factual question because no matter how that question is resolved, the FOIA requires this data to be released.
B. Application of personnel-records exception
We are now in a position to apply the foregoing to the present request and then assess the nine objectors' letters. If these documents, when held by the Department, are properly considered personnel records, then the custodian is properly releasing them, as explained above. But if these documents, when held by the Department, are not properly considered personnel records, then I have no authority to review the custodian's decision in the first place. Nevertheless, the records would have to be released because, even in the latter case, the records would have to be released as mere public records.
Do any of the objectors provide any legally significant reasons that would prevent the custodian from releasing their records? The nine objectors can be divided into three groups: *Page 5 
 • Three employees simply ask whether the decision is consistent with the FOIA. As indicated above, the answer is "yes."
 • Four other employees simply object to the release of their information. They seem to believe that, if they just object, then the custodian is barred from releasing it. There is no provision in the FOIA that requires the subject of public records to give his or her consent before they can be released.
 • The final two employees give an argument about why they think the custodian's decision is inconsistent with the FOIA: they claim that, because they do not know the requestor or his motives, the custodian should be barred from releasing the data. But, as this office has said many times, the FOIA requestor's identity and motives are generally not relevant to the foregoing analysis.
In sum, the FOIA is clear that this kind of information must be released. And none of the objectors provided any overriding, unique reasons that would prevent their information from being disclosed. Therefore, in my opinion, the custodian's decision to release this information is consistent with the FOIA.
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN MCDANIEL Attorney General
DM/RO:cyh
[1] A.C.A. § 25-19-103(5)(A) (Supp. 2011).
[2] This office and the leading commentators on the FOIA have observed that personnel files usually include: employment applications; school transcripts; payroll-related documents such as information about reclassifications, promotions, or demotions; transfer records; health and life insurance forms; performance evaluations; recommendation letters; disciplinary-action records; requests for leave-without-pay; certificates of advanced training or education; and legal documents such as subpoenas. E.g., Op. Att'y Gen. 97-368; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT 187-89 (Arkansas Law Press, 5th ed., 2009).
[3] A.C.A. § 25-19-105(b)(12): This subsection states: "It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter. . . . [p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."
[4] A.C.A. § 25-19-105(c)(1): "Notwithstanding subdivision (b)(12) of this section, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure."
[5] See, e.g., Op. Att'y Gen. No. 1999-147; Watkins Peltz,supra, at 187.
[6] A.C.A. § 25-19-105(b)(12) (Supp. 2011). *Page 1